**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**KEVIN WARREN**                                                              **PETITIONER**

**VERSUS**                            **CIVIL ACTION NO.  3:15CV580 HTW-LRA**

**TIMOTHY OUTLAW**                                                        **RESPONDENT**

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Kevin Warren filed a petition for writ of habeas corpus relief on August

12, 2015.  Respondent filed a motion to dismiss asserting that the petition is barred as

untimely pursuant to 28 U.S.C. § 2244(d) under the Antiterrorism and Effective Death

Penalty Act (AEDPA) of 1996.  After review of the record and applicable law, the

undersigned agrees that the motion is untimely and recommends that the petition be

dismissed.

Warren was convicted of possession of more than one kilogram but less than five

kilograms of marijuana in the Circuit Court of Rankin County, Mississippi, on October 9,

2001.  A final judgment of conviction was signed, *nunc pro tunc*, on January 18, 2002,

and filed on February 11, 2002.  An order sentencing Warren as a habitual offender to life

in the custody of the Mississippi Department of Corrections was entered on February 12,

2002.  On November 12, 2002, Warren filed a notice of appeal, which was denied by the

trial court for failure to state sufficient grounds, or to show good cause for an out-of-time

appeal.  Aggrieved, Warren appealed the trial court's denial, but the appeal was dismissed

by the Mississippi Supreme Court for failure to pay costs.  On October 28, 2010, Warren

filed a motion for reconsideration of his sentence.  The trial court denied the motion on

November 10, 2010, finding that Warren's sentence was not grossly disproportionate to

the crime of his conviction.  In October 2013, Warren filed a motion for post-conviction

relief in the Rankin County Circuit Court.  The motion was dismissed as untimely and the

Court further found that Warren was "not entitled to any relief" on November 12, 2013.

The dismissal was subsequently affirmed by the Mississippi Supreme Court on November

4, 2014.  *Warren v. State*, 150 So.3d 163 (Miss. Ct. App.  2014), *cert. denied*, 157 So.3d

835 (Miss. 2015).  Warren filed the instant petition for federal habeas relief on August 12,

2015.[1]

The Antiterrorism and Effective Death Penalty Act imposes a one-year statute of

limitations on state prisoners filing a federal habeas petition under 28 U.S.C.

§ 2244(d)(1).  AEDPA provides that the statute of limitations shall run from the latest of:

> (A) the date on which the judgment became final by the
> conclusion of direct review or the expiration of the time for
> seeking such review;
>
> (B) the date on which the impediment to filing an application
> created by State action in violation of the Constitution or laws
> of the United States is removed, if the applicant was
> prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was
> initially recognized by the Supreme Court, if the right has
> been newly recognized by the Supreme Court and made
> retroactively applicable to cases on collateral review; or

---

[1]ECF No.  8-1– 8-10.

> (D) the date on which the factual predicate of the claim or
> claims presented could have been discovered through the
> exercise of due diligence.
>
> (d)(1)(2)The time during which a properly filed application for State
> post-conviction or other collateral review with respect to the pertinent
> judgment or claim is pending shall not be counted toward any period of
> limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).  Thus, unless the narrow exceptions of § 2244(d)(1)(B)-

(D) apply, a federal habeas petition must be filed within one year of the final judgment of

the defendant's conviction, subject to tolling for the period when a properly filed motion

for post-conviction relief is pending in state court.  *Jones v. Stephens,* 541 F. App'x 499,

504 (5th Cir. 2013).  AEDPA's statute of limitations period may also be equitably tolled

if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some

extraordinary circumstances stood in his way and prevented timely filing."  *Holland v.*

*Florida*, 560 U.S. 631, 632  (2010) (internal quotations and citations omitted); *see also*

*Sutton v. Cain,* 722 F.3d 312, 317 (5th Cir. 2013) (equitable tolling may apply to extend

the one-year statute of limitations period, but only in rare and exceptional circumstances).

Warren's conviction became final on March 13, 2002, 30 days after his sentencing

order was entered on February 12, 2002.  Although no direct appeal was filed, Warren is

credited with the 30-day time period permitted for filing an appeal under Mississippi law.

M.R.A.P. 4(a), (e);  *Roberts v. Cockrell,* 319 F.3d  690, 694 (5th Cir. 2003).  To toll the

statute of limitations, he was required to file a "properly-filed" motion for post-conviction

collateral relief in state court on or before March 13, 2003.  None of his post-conviction

3

filings are "properly filed" motions as contemplated by 28 U.S.C. § 2244(d)(2). *See Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002). Because he did not file a motion for post-conviction relief prior to that date, AEDPA's one-year statute of limitations ran uninterrupted from March 13, 2002, to March 13, 2003. Absent equitable or statutory tolling, his federal habeas petition filed on August 12, 2015, more than twelve years later, is untimely.

Warren does not dispute that his petition is untimely. He maintains that he is actually innocent of the underlying offense and requests an evidentiary hearing. He also claims that he was denied the right to confront his accuser, was arrested without a warrant, and that he failed to timely perfect an appeal because he was abandoned by counsel.[2]

To overcome the expiration of the AEDPA statute of limitations by showing actual innocence, the petitioner is required to produce new evidence sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1927 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Actual innocence itself is not a free-standing ground for habeas corpus relief. *Reed v. Stephens*, 739 F.3d 753, 766 (5th Cir. 2014); *Foster v. Quarterman*, 466 F.3d 359, 367 (5th Cir. 2006) ([A]ctual-innocence is not an independently cognizable federal-habeas claim."). Actual innocence claims

---

[2]ECF No. 9.

4

provide only "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera v. Collins*, 506 U.S. 390, 404 (1993). To open the gateway to federal habeas review, a petitioner must: (1) present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"; (2) "that was not presented at trial"; and (3) must show, that in light of this new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537 (2006), *citing Schlup,* 513 U.S. at 299 (1995).

Warren does not meet this high burden here. Apart from the allegations in his traverse, he has not presented any new, reliable evidence to demonstrate more likely than not that a reasonable juror would not have convicted him in light of the new evidence. Nor has he seemingly complied with the exhaustion requirement of 28 U.S.C. § 2254 (c), by fairly presenting the substance of his actual innocence claim to the state's highest court. *Ries v. Quarterman,* 522 F.3d 517, 523 (5th Cir. 2008); *Smith v. Dretke*, 422 F.3d 269, 276 (5th Cir. 2005). Additionally, Warren fails to state sufficient grounds for equitable tolling due to counsel's failure to appeal. While "attorney abandonment can qualify as an extraordinary circumstances for equitable tolling purposes, [it] does not, by itself, excuse the petitioner from his duty of diligence." *Manning v. Epps*, 668 F.3d 177, 189, n. 2 (5th Cir. 2012). Petitioners must exercise due diligence "even when they receive inadequate legal representation." *Id.* at 185. "[G]arden variety claim[s] of excusable neglect" by a petitioner's attorney do not generally present an extraordinary

circumstance meriting equitable tolling. *Holland*, 560 U.S. at 651 (citations omitted).

In sum, Warren has failed to show that he exercised reasonable diligence in pursuit of his federal habeas claims, or that some extraordinary circumstance prevented him from filing before the expiration of the one-year statute of limitations. *See Holland*, 560 U.S. at 648. None of Petitioner's remaining arguments warrant equitable or statutory tolling of the statute of limitations. Warren's habeas petition was filed more than twelve years after the federal statue of limitations expired. In the absence of any evidence warranting statutory or equitable tolling, his habeas petition is barred by 28 U.S.C. § 2244(d)(1)(A), and should be dismissed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b); *Douglas v. United Services*

*Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 16th day of August, 2016.

/s/  Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE